**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 0 2 2011 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

Daniel Eschmann                      :

                  PLAINTIFF,   :

      v.                     :

White Plains Crane Service, Inc.,   :
Bay Crane Services, Inc.,         :
Bay Crane Services of Long Island, Inc., :
Rick Bernardo, and Joseph Bernardo, :

              DEFENDANTS.  :

-------------------------------------------------------x

Civil Action No.

**COMPLAINT**

CV 11 - 5881

Plaintiff Demands
a Trial by Jury

SUMMONS ISSUED

MATSUMOTO, J.

CHORELSKY, M.J.

Plaintiff Daniel Eschmann ("Mr. Eschmann" or "plaintiff"), by his attorneys, LEVINE &
BLIT, PLLC, complaining of defendants White Plains Crane Service, Inc. ("WPCS"), Bay Crane
Services, Inc. ("BCS"), Bay Crane Service of Long Island, Inc. ("BCSLI"), Rick Bernardo, and
Joseph Bernardo (collectively "defendants"), respectfully alleges upon information and belief:

<u>NATURE OF THE ACTION</u>

1.    This action is brought to remedy unpaid wages, unpaid overtime wages, unpaid
prevailing wages, retaliation and unlawful retaliatory termination for opposition to unlawful
employment practices in violation of the Fair Labor Standards Act ("FLSA") and New York
Labor Law ("Labor Law").

2.    Defendants' actions were unlawful and plaintiff seeks injunctive and declaratory relief,
monetary, compensatory and punitive damages, liquidated damages, interest, attorneys' fees, and
other appropriate legal and equitable relief pursuant to the FLSA and Labor Law and such other
and further relief as the Court deems necessary and proper.

## JURISDICTION AND VENUE

3.     Jurisdiction of this Court is proper under 28 U.S.C. §1331, because the matter in controversy is a civil action arising under the Constitution, laws or treaties of the United States.

4.     Supplemental jurisdiction over plaintiff's state law claims is proper under 28 U.S.C. §1367.

5.     Venue of this action in the Eastern District of New York under 28 U.S.C. §1391 is appropriate as defendants have their principle place of business within the district, and that the Eastern District is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

6.     Mr. Eschmann is a twenty-nine (29) year old male and at all times herein mentioned was, and still is, a resident of the County of Nassau and the State of York.

7.     Upon information and belief, Defendant Joseph Bemardo is chief executive officer, shareholder and control person of WPCS, BCS, and BCSLI.  Upon information and belief, Joseph Bernardo maintains personal residence in New York.

8.     Upon information and belief, Defendant Rick Bemardo is a control person of WPCS, BCS and BCSLI.  Upon information and belief, Joseph Bernardo maintains personal residence in New York.

9.     Defendant WPCS is a domestic business corporation with a principle place of business at 11-02 43 Avenue, Long Island City, New York, 11101.

10.     Defendant BCS is a domestic business corporation with a principle place of business at 11-02 43 Avenue, Long Island City, New York, 11101.

11.     Defendant BCSLI is a domestic business corporation with a principle place of business at 11-02 43 Avenue, Long Island City, New York, 11101.

12.    At all times relevant to this action, defendants were "employers" of Plaintiff within the meaning of the Labor Law§§ 190(3) and 651(6) and FLSA §203(d).

13.    At all times relevant to this action, Defendant WPCS has been an enterprise engaged in interstate commerce within the meaning of the FLSA insofar that it: (1) has had employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA insofar that it: has had employees engaged in commerce or in the production of goods for commerce, and handles, sells or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (2) has had annual gross volume of sales not less than $500,000.

14.    At all times relevant to this action, Defendant BCS has been an enterprise engaged in interstate commerce within the meaning of the FLSA insofar that it: (1) has had employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA insofar that it: has had employees engaged in commerce or in the production of goods for commerce, and handles, sells or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (2) has had annual gross volume of sales not less than $500,000.

15.    At all times relevant to this action, Defendant BCSLI has been an enterprise engaged in interstate commerce within the meaning of the FLSA insofar that it: (1) has had employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA insofar that it: has had employees engaged in commerce or in the production of goods for commerce, and handles, sells or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (2) has had annual gross volume of sales not less than $500,000.

16.    At all times relevant to this action, plaintiff was an "employee" of defendants within the meaning of the Labor Law and FLSA, and entitled to protection. At all times relevant to this action, Plaintiff performed services as employee for defendants in New York.

17.     At all times relevant to this action, plaintiff had the skills, experience and qualifications necessary to work in her employment position for the defendants.

## FACTUAL ALLEGATIONS

18.     Mr. Eschmann began his employment tenure with defendants in or about February, 2007. At all times relevant to this complaint, Mr. Eschmann was employed by defendants as a Rigger and and mechanical helper, and was a non-exempt employee under the FLSA and Labor Law.

19.     Mr. Eschmann's starting pay rate with defendants was $20.00/hour.  His ending pay rate with defendants was $25.00/hour.

20.     Throughout Mr. Eschmann's employment tenure with defendants, Mr. Eschmann worked as a rigger on public projects for defendants.  Mr. Eschmann never received prevailing wages, as required by law, for his work for defendants.

21.     Throughout Mr. Eschmann's employment tenure with defendants, Mr. Eschmann regularly worked more than forty hour work weeks.  For most weeks in which Mr. Eschmann worked greater than forty hours in a work week, Mr. Eschmann was not paid overtime wages.

22.     Mr. Eschmann made numerous complaints to Joseph Bernardo and Rick Bernardo regarding defendants' failure to pay his overtime wages in accordance with the law.

23.     Joseph and Rick Bernardo regularly dismissed plaintiff's complaints.  Joseph Bernardo's normal responses to Mr. Eschmann's protected complaints were to tell plaintiff to, "Get the fuck out of my office".  Rick Bernardo specifically threatened Mr. Eschmann that his repeated complaints of unpaid overtime wages would have severe consequences for Mr. Eschmann's employment with defendants.

24.     Subsequent to threatening Mr. Eschmann, Joseph and Rick Bernardo retaliated against Mr. Eschmann by denying him the right to receive prevailing wages paid to similarly situated

4

employees. The company also denied Mr. Eschmann, as well as other employees, the right to receive a union book. Mr. Eschmann was denied not only prevailing wages, but pension, benefits, and health insurance, as well.

25.     Despite the threats issued by Joseph and Rick Bernardo, Mr. Eschmann continued to make protected complaints to Bernardo regarding defendants' failure to pay his lawful wages.

26.     On or about November 7, 2010, defendants terminated plaintiff in retaliation for his protected complaints under the FLSA and Labor Law.

27.     Mr. Eschmann is in possession of limited records regarding his compensation by defendants. Mr. Eschmann's pay records, which include some pay stubs, specifically show that defendants failed to pay Mr. Eschmann overtime wages in the amount of $13,471.63.

28.     Mr. Eschmann is not in possession of all of his pay records, and his W-2's indicate that there is a significant amount of overtime due that he could not yet account for.

29.     Upon information and belief, defendants maintain full and accurate records regarding the wages paid and hours worked of Mr. Eschmann, as required by the FLSA and Labor Law.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT
(Unpaid Overtime Wages Under the FLSA)

30.     Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31.     At all times relevant to this action, defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

32.     Defendants failed to pay plaintiff overtime premiums of 1.5 times his regular rate of pay for all hours worked in excess of forty in a week in violation of 29 U.S.C. § 207(a).

33.     Defendants failure to pay overtime premiums was willful.

34.     As a result of defendants' FLSA violations, plaintiff is entitled to recover from defendants, jointly or severally, his unpaid overtime wages, and an equal amount representing the statutorily prescribed liquidated damages in an amount no less than approximately $26,943.26, plus additional unpaid overtime as illustrated by defendants' pay records, as well as reasonable attorneys' fees and costs of this action, including interest, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION AGAINST DEFENDANT
(Unpaid Overtime Wages Under the Labor Law)

35.     Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36.     At all times relevant to this action, plaintiff was employed by defendants within the meaning of Labor Law §§ 2 and 651.

37.     Defendants failed to pay plaintiff overtime premiums of 1.5 times his regular rate of pay in violation of the Labor Law.

38.     Defendants failure to pay overtime premiums was willful.

39.     As a result of defendants' Labor Law violations, plaintiff is entitled to recover from defendants, jointly or severally, his unpaid overtime wages, and an equal amount representing the statutorily prescribed liquidated damages in an amount no less than approximately $26,943.26, plus additional unpaid overtime as illustrated by defendants' pay records, as well as reasonable attorneys' fees and costs of this action, including interest, pursuant to Labor Law §§ 2 and 651.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT
(Illegal Retaliation under FLSA § 215)

40.     Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above

with the same force and effect as if more fully set forth herein.

41.     At all times relevant to this action, defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

42.     Plaintiff complained to defendants about violations of the FLSA, specifically the failure to pay overtime premiums.

43.     As a result of these complaints, defendants denied plaintiff the right to receive a union book, and defendants denied plaintiff prevailing wages as required by law.

44.     Defendants' actions were motivated by plaintiff's complaints about the failure to receive overtime wages.

45.     Defendants' conduct constitutes unlawful retaliation in violation of, *inter alia*, FLSA § 215.

46.     Defendants' actions were willful.

47.     Due to Defendants' violations, plaintiff is entitled to the rights denied him, including back pay, compensatory damages and liquidated damages, as well as punitive damages, attorneys' fees and costs, all in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANT
(Illegal Retaliation under Labor Law §215)

48.     Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49.     Plaintiff complained to defendants about violations of the Labor Law, specifically the failure to pay overtime premiums.

50.     As a result of these complaints, defendants denied plaintiff the right to receive a union book, and defendants denied plaintiff prevailing wages as required by law.

51.     Defendants' actions were motivated by plaintiff's complaints about the failure to receive overtime wages.

52.     Defendants' conduct constitutes unlawful retaliation in violation of, *inter alia*, Labor Law § 215.

53.     Defendants' actions were willful.

54.     Due to Defendants' violations, plaintiff is entitled to the rights denied him, including back pay, compensatory damages and liquidated damages, as well as punitive damages, attorneys' fees and costs, all in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANT
(Retaliatory Termination under FLSA § 215)

55.     Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56.     At all times relevant to this action, defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

57.     Plaintiff complained to defendants about violations of the FLSA, specifically the failure to pay overtime premiums.

58.     As a result of these complaints, defendants terminated plaintiff.

59.     Defendants' actions were motivated by plaintiff's complaints about the failure to receive overtime wages.

60.    Defendants' conduct constitutes unlawful retaliation in violation of, *inter alia*, FLSA § 215.

61.    Defendants' actions were willful.

62.    Due to Defendants' violations, plaintiff is entitled to the rights denied him, including back pay, front pay, and compensatory damages and punitive damages, attorneys' fees and costs, all in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANT
(Retaliatory Termination under Labor Law §215)

63.    Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64.    Plaintiff complained to defendants about violations of the Labor Law, specifically the failure to pay overtime premiums.

65.    As a result of these complaints, defendants terminated plaintiff.

66.    Defendants' actions were motivated by plaintiff's complaints about the failure to receive overtime wages.

67.    Defendants' conduct constitutes unlawful retaliation in violation of, *inter alia*, Labor Law § 215.

68.    Defendants' actions were willful.

69.    Due to Defendants' violations, plaintiff is entitled to the rights denied him, including back pay, front pay, and compensatory damages and punitive damages, attorneys' fees and costs, all in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION AGAINST DEFENDANT
### (Failure to Pay Prevailing Wages under Labor Law §220)

70.     Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71.     Under New York Labor Law §220, laborers and workers on public projects must be paid prevailing wages.

72.     Throughout plaintiff's employment tenure, defendants failed to pay plaintiff prevailing wages as required by Labor Law.

73.     Defendants' actions were willful.

74.     Due to Defendants' violations, plaintiff is entitled to back pay, liquidated damages, interest, attorneys' fees and costs, all in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that this Court enter an award:

(a)     Declaring the acts and practices complained of herein are in violation of the FLSA and New York Labor Law;

(b)     Directing defendants to pay plaintiff his actual damages in an amount to be determined at trial for lost wages, benefits and other remuneration, and liquidated damages in the amount of one hundred percent of the total due, as provided by the FLSA and New York Labor Law;

(c)     Awarding Plaintiff punitive damages;

(d)     Awarding plaintiff reasonable attorneys' fees, together with the costs and disbursements of this action; and

(e)     Such other and further relief as this Court deems just and equitable.

Dated: New York, New York
December __/__, 2011

Respectfully Submitted,

**LEVINE & BLIT, P.L.L.C.**

By: RUSSELL MORIARITY, ESQ. (RM 0224)

*Attorneys for Plaintiff, Daniel Eschmann*
Empire State Building
350 Fifth Avenue, Suite 3601
New York, NY 10118
Phone: (212) 967-3000
Fax:    (212) 967-3010