UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------x

DANIEL ESCHMANN,                           **MEMORANDUM AND ORDER**

              Plaintiff,            11-CV-5881 (KAM)(VVP)

      -against-

WHITE PLAINS CRANE SERVICE, INC.,
BAY CRANE SERVICES, INC.,
BAY CRANE SERVICES OF LONG ISLAND,
INC., RICHARD BERNARDO, and
JOSEPH BERNARDO,

              Defendants.

------------------------------------------x

**MATSUMOTO, United States District Judge:**

           Plaintiff Daniel Eschmann ("plaintiff" or

"Eschmann") brings this suit under the Fair Labor Standards Act,

29 U.S.C. § 201 *et seq.* (the "FLSA"), and the New York Labor Law

§ 1 *et seq.* (the "NYLL"), alleging that defendants failed to pay

proper overtime wages and terminated him in retaliation for

complaining about overtime violations.  (*See* ECF No. 1, Compl.

filed 12/2/11.)  Plaintiff names as defendants White Plains

Crane Service, Inc. ("White Plains"); Bay Crane Services, Inc.

("Bay Crane"); Bay Crane Services of Long Island, Inc. ("Bay

Crane Long Island"); Richard Bernardo ("R. Bernardo"); and

Joseph Bernardo ("J. Bernardo").  (*Id.* at 2.)  The court has

subject-matter jurisdiction in this action pursuant to 28 U.S.C.

§ 1331, and supplemental jurisdiction over plaintiff's state law claims is proper pursuant to 28 U.S.C. § 1367.

Pending before the court are plaintiff's (1) motion for partial summary judgment on Counts One and Two of the Complaint, alleging that defendants failed to pay plaintiff proper overtime wages in violation of FLSA § 207(a) and NYLL § 663; and (2) defendants' cross-motion for partial summary judgment on Counts Three through Six of the Complaint, alleging that defendants engaged in illegal retaliation and retaliatory termination in violation of FLSA § 215 and NYLL § 215. Plaintiff filed a previous stipulation of dismissal with prejudice as to his seventh cause of action, alleging defendants failed to pay prevailing wages under NYLL § 220. (Order dated 4/1/13; ECF No. 16, Stipulation dated 4/1/13.)

For the reasons set forth below, the court: (1) **grants in part and denies in part** plaintiff's motion for partial summary judgment against defendants as to Counts One and Two, failure to pay overtime wages under the FLSA and NYLL; (2) **grants** defendants' motion in its entirety as to Counts Three, Four, Five, and Six, illegal retaliation and retaliatory termination under the FLSA and NYLL.

## BACKGROUND

The following facts, taken from the parties' statements pursuant to Local Civil Rule 56.1 and the admissible

evidence contained in the exhibits cited and annexed to the parties' motion papers, are undisputed unless otherwise indicated. The court views the facts in the light most favorable to the nonmoving party with respect to each motion.[1]

Plaintiff commenced his employment with defendant Bay Crane on or about January 2007. (*See* ECF No. 22-1, Defs.' 56.1 Statement in Support of Defs.' Mot. for Summ. J. dated 5/8/13 ("Defs.' Stmt."), at ¶ 1.) Plaintiff was hired as a helper. (ECF No. 25-4, Joint Deposition Transcript Index ("Joint Appendix"), J. Bernardo Depo., J.A. at 171.) White Plains Crane is a subsidiary of Bay Crane, and Bay Crane has been in existence continuously since 1951. (ECF No. 31, Pl.'s 56.1 Statement in Support of Pl.'s Mot. for Summ. J. dated 5/8/13

---

[1] In response to plaintiff's motion for partial summary judgment and Rule 56.1 Statement of Facts, defendants failed to submit a Rule 56.1 Counterstatement, as required by Local Rule 56.1. Instead, defendants submitted the declaration of their counsel, and attached as an exhibit the declaration of defendant Richard Bernardo. (ECF No. 25, Kaiser Decl. dated 5/31/13, Ex. B, R. Bernardo Decl. dated 5/30/13 ("R. Bernardo Decl.").) Despite defendants' violation of Local Rule 56.1(d) by failing to submit a counterstatement in opposing plaintiff's motion, the Bernardo Declaration presents certain facts and concedes specific facts presented by plaintiff even though it neither provides citations nor references to admissible evidence. (*See generally* R. Bernardo Decl.) A district court has "broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001). Thus, construing the Kaiser Declaration and the attached Bernardo Declaration as evidence that would be annexed in support of a Rule 56.1 Counterstatement, the court notes that a "Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise not supported in the record. Where . . . the record does not support the assertions in a Rule 56.1 statement, those assertions should be disregarded and the record reviewed independently." *Holtz*, 258 F.3d at 74; *see also Giannullo v. City of New York*, 322 F.3d 139, 140-43 (2d Cir. 2003) (same).
Accordingly, where the court's independent review of the record reveals that defendants' assertions made in opposition to plaintiff's summary judgment motion are not supported, the court disregards such assertions.

("Pl.'s Stmt."), at ¶¶ 3-4.)  Defendants Joseph Bernardo and Richard Bernardo are principals of Bay Crane and its subsidiaries, White Plains Crane and Bay Crane Long Island. (Pl.'s Stmt. at ¶ 6.)  Joseph Bernardo has been a principal and control person of Bay Crane since 1957.  (Pl.'s Stmt. at ¶ 4.) Richard Bernardo has been continuously employed by Bay Crane since approximately 1988 and holds the title of Vice President of Bay Crane.  (Pl.'s Stmt. at ¶ 5; R. Bernardo Decl. at ¶ 2.) Though both Joseph and Richard Bernardo controlled each aspect of plaintiff's employment, including hiring, compensation, work duties, and termination, (Pl.'s Stmt. at ¶ 9), Richard Bernardo was principally responsible for decisions concerning plaintiff's compensation.  (R. Bernardo Decl. at ¶ 3.)

Plaintiff regularly worked over 40 hours in a work week but was rarely paid an overtime rate.  (Pl.'s Stmt. at ¶ 10; R. Bernardo Decl. at ¶ 4.)  It was defendants' stated policy and regular practice throughout plaintiff's employment to pay all non-union employees a "straight rate," or regular rate, for all hours worked over 40 hours in a work week when employees worked overtime on the defendants' worksite.  (Pl.'s Stmt. at ¶ 11; R. Bernardo Depo., J.A. at 291-92, 298.)  Plaintiff would only get paid an overtime rate when he worked at a client's location off-site, and defendants billed the client for any overtime work.  (Pl.'s Stmt. at ¶ 12; J.A. at 291-92, 350.)

4

Plaintiff did not receive overtime pay when he worked overtime hours on-site, in defendants' own shop. (*Id.*) Plaintiff asserts that defendants knew they were supposed to pay overtime rates for all overtime hours worked because defendants billed clients for overtime and paid overtime to plaintiff when he worked on outside jobs, but refused to pay overtime when it came directly from defendants' "own pockets." (Pl.'s Stmt. at ¶ 13.) Defendants, however, deny knowledge of their overtime obligations, and assert that Bay Crane did not know it was required to pay overtime to employees working on-site. (R. Bernardo Decl. at ¶¶ 5-6.; R. Bernardo Depo., J.A. at 286; J. Bernardo Depo., J.A. at 185-86, 195.) Defendants further assert that they paid overtime rates for work performed off-site "as a consequence of a standard practice to pay the overtime as it was billed through to Bay Crane's clients." (R. Bernardo Decl. at ¶ 5.)

The parties agree that plaintiff never complained about his overtime wages to any governmental agency. (Defs.' Stmt. at ¶ 2; Eschmann Depo., J.A. at 67.) Although plaintiff did not complain to any government agency about overtime, he complained to several co-workers about not receiving overtime pay for work he performed on-site. (Eschmann Depo., J.A. at 67.) Defendants acknowledge that plaintiff made complaints about overtime pay prior to his termination. (Defs.' Stmt. at ¶

4.)  The parties, however, disagree over whether plaintiff ever

complained *to defendants* about overtime pay.  Plaintiff

testified at his deposition that he complained to John

Hagenstrom, a direct supervisor, "at least a dozen times" about

his lack of overtime pay over the course of his employment.

(J.A. at 56); that he complained to Richard Bernardo at least

three times about the overtime issue (J.A. at 58-59, 60-64, 66);

and that he complained to Joseph Bernardo three times (J.A. at

68-71).  In contrast, defendants Richard and Joseph Bernardo

testified at their depositions that they never heard any

complaints from plaintiff regarding his overtime wages.  (R.

Bernardo Depo., J.A. at 45-46, 93; J. Bernardo Depo., J.A. at

352.)

     Plaintiff was terminated from his employment on or

about the first week of November 2010.  (Defs.' Stmt. at ¶ 5.)

Plaintiff asserts that he was terminated in retaliation for his

complaints about not receiving overtime. (Eschmann Depo., J.A.

at 82, 87.)  Defendants dispute plaintiff's retaliation claim

and assert that plaintiff was terminated because of numerous

customer complaints about plaintiff's altercations.  (J.

Bernardo Depo., J.A. at 201, 205; R. Bernardo Depo., J.A. at

323, 336-43; Kaiser Decl., Ex. B, Customer Complaint Letters.)

## DISCUSSION

**I.  Summary Judgment Standard**

"Summary judgment is appropriate where there is no genuine dispute as to any material fact and the record as a whole indicates that no rational factfinder could find in favor of the non-moving party." *Graves v. Finch Pruyn & Co.*, 353 Fed. App'x 558, 560 (2d Cir. 2009) (citing *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004)). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (quotation marks omitted). "A fact is material when it might affect the outcome of the suit under governing law." *Id.* (internal quotation marks omitted). Moreover, an issue of fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"In order to defeat a motion for summary judgment supported by proof of facts that would entitle the movant to judgment as a matter of law, the nonmoving party is required under Rule 56[] to set forth specific facts showing that there is a genuine issue of material fact to be tried." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993). "[O]nly

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment." *Anderson*, 477 U.S. at 248. The nonmoving party may not, however, "rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible, or upon the mere allegations or denials of the nonmoving party's pleading." *Id.* at 532–33. When cross motions for summary judgment are made, the standard is the same as that for individual motions. *See Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001). The court must examine each party's motion independently, and "in each case all reasonable inferences must be drawn against the party whose motion is under consideration." *Id.*

## II. Plaintiff's Motion

Plaintiff seeks partial summary judgment as to his claims alleging defendants failed to pay proper overtime wages during the course of his employment, in violation of the FLSA, 29 U.S.C. § 207(a), and NYLL § 663 and N.Y. Compilation of Codes, Rules, and Regulations § 142-2.2. Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation" at one and one-half times his regular rate for any

hours worked in excess of forty hours. 29 U.S.C. § 207(a)(1).[2]
Pursuant to NYLL § 663, an employee who is paid "less than the
wage to which he . . . is entitled under the provisions of this
article" shall recover the full amount of underpayments, among
other costs and awards. N.Y. Lab. Law § 663.[3]

The statute of limitations for an overtime violation
claim pursuant to the FLSA is two years for non-willful
violations, and three years for willful violations. 29 U.S.C. §
255(a). A plaintiff seeking damages for an overtime violation
under the NYLL has six years from the date of the alleged
violation to assert his claim. N.Y. Lab. Law § 663(3).

**A. Defendants' are Liable for Failing to Pay Overtime
Wages**

To establish liability under the FLSA and NYLL on a
claim for unpaid overtime, a plaintiff must prove that he
"performed work for which he was not properly compensated, and
that the employer had actual or constructive knowledge of that
work." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d
Cir. 2011) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S.
680, 686-87 (1946)). At the summary judgment stage, the

---

[2]     The court finds, and defendants do not dispute, that defendants
fall within the FLSA's coverage.

[3]     As will be discussed in further detail below, the NYLL provisions
themselves do not include a violation as to overtime wages. Rather, NYLL §
653 confers power upon the Commissioner of Labor and the wage board to
recommend regulations with respect to, *inter alia*, overtime rates. *See* N.Y.
Lab. Law § 655(5)(b). Under this authority, the Commissioner has issued a
wage order, 12 N.Y. C.R.R. § 142-2.2, stating that "[a]n employer shall pay
an employee for overtime at a wage rate of one and one-half time the
employee's regular rate."

plaintiff must "produce sufficient evidence to show the amount
and extent of that [uncompensated work] as a matter of just and
reasonable inference." *Kuebel*, 643 F.3d at 362 (citing
*Anderson*, 328 U.S. at 687).  Here, plaintiff has submitted a
copy of defendants' payroll register and his pay stubs
reflecting various instances when plaintiff worked more than 40
hours in a week and was only compensated at the regular rate.
(*See* ECF No. 32, Moriarty Decl. dated 5/8/13, Exs. A, B.)  In
addition, defendants concede that they failed to properly pay
plaintiff overtime wages during the course of his employment
with Bay Crane.  (R. Bernardo Decl. at ¶ 4; Defs.' Opp. at 1.)
Thus, plaintiff, as a matter of law, prevails on his claims
alleging violations of overtime wage provisions under the FLSA
and the NYLL.

The remaining issues raised in plaintiff's motion for
partial summary judgment are: (1) whether defendants willfully
violated the FLSA for purposes of the statute of limitations;
and (2) whether plaintiff is entitled to liquidated damages for
both his FLSA and NYLL overtime violation claims.

**B.    Statute of Limitations for FLSA Claim**

As a threshold issue, it is necessary to determine the
applicable statutory limitations period for plaintiff's overtime
violation claim brought pursuant to the FLSA.  Plaintiff began
employment with defendants in January 2007, and was terminated

in November 2010.  According to plaintiff, he noticed that he was not being paid overtime wages within the first couple weeks of commencing his employment.  (Eschmann Depo., J.A. at 55.) Plaintiff filed the instant action on December 2, 2011.  (*See* Compl.)  Plaintiff argues that defendants' violations were willful under the meaning of the FLSA, and that as such, the applicable statute of limitations period is three years.  (ECF No. 30, Plaintiff's Memorandum of Law in Support of Mot. for Partial Summ. J. filed 5/6/13 ("Pl.'s Mem.") at 13-14.) Although defendants' answer raises the statute of limitations as an affirmative defense (*see* ECF No. 3, Answer filed 5/7/12), defendants' opposition brief fails to address whether the violation was willful and, thus, whether the relevant statute of limitations period for plaintiff's FLSA overtime violation claims is two years or three years.  (*See generally* ECF No. 25-3, Defendants' Opposition filed 5/31/13 ("Defs.' Opp.").)

        A cause of action under the FLSA "accrues on the regular payday immediately following the work period for which services were rendered and not properly compensated." *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 337 (S.D.N.Y. 2005).  A plaintiff must raise a violation of the FLSA within two years from the date the cause of action accrued, unless it is a willful violation, for which the statutory limitations period is extended to three years.  29 U.S.C. § 255(a).  A violation is

"willful" if the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited" by the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009). "Reckless disregard" is "the failure to make adequate inquiry into whether conduct is in compliance with the [FLSA]." 5 C.F.R. § 551.104. The plaintiff bears the burden of proving willfulness, and "[a]ll that is required is that the employer knew or had reason to know that it was or might have been subject to the FLSA." *Donovan v. Kaszycki & Sons Contractors, Inc.*, 599 F. Supp. 860, 870 (S.D.N.Y. 1984). However, "[n]either an employer's good-faith but incorrect assumption regarding its FLSA obligations, nor an employer's lack of reasonable basis for believing that it was complying with the FLSA, is by itself sufficient to demonstrate an employer's willfulness." *Saunders v. City of New York*, 594 F. Supp. 2d 346, 358 (S.D.N.Y. 2008) (internal quotation marks and citation omitted). Moreover, if an employer "acts unreasonably, but not recklessly, in determining its legal obligation," the employer's violation should not be considered willful. *McLaughlin*, 486 U.S. at 135 n.13.

Notably, district courts in this circuit have generally left the question of willfulness to the trier of fact. *E.g., Ramirez v. Rifkin*, 568 F. Supp. 2d 262, 268 (E.D.N.Y.

2008) (collecting cases); *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 391 (E.D.N.Y. 2012). When courts have decided the question of willfulness at the summary judgment stage, either the "FLSA violation was due to a misclassification of the plaintiff as being exempt," *Berrios*, 849 F. Supp. 2d at 391 (collecting cases), or there existed no genuine dispute that the employer had been on notice that it was subject to the FLSA. *See, e.g.*, *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1062 (2d Cir. 1988) (defendant's violations were willful where it was on actual notice of FLSA requirements due to earlier violations); *Donovan*, 599 F. Supp. at 870 (defendants found to have acted willfully where they already complied with FLSA obligations for union employees); *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 87 (E.D.N.Y. 2012) (finding three-year statute of limitations applied where defendant admitted that it was "aware of the FLSA minimum wage and overtime requirements" during plaintiff's employment); *Cox v. Town of Poughkeepsie*, 209 F. Supp. 2d 319, 328 (S.D.N.Y. 2002) (defendants willfully violated FLSA where attorney sent town attorney letter stating that FLSA was being violated by town's practice).

Here, plaintiff argues that defendants willfully violated the FLSA and that the three-year statute of limitations applies because defendants are "seasoned businesses and seasoned

businessmen," and thus "knew or should have known how to pay their employees properly" under the relevant labor laws. (Pl.'s Mem. at 9, 13-14.) In addition, plaintiff contends that defendants "were sophisticated enough to pay their employees proper overtime rates so long as such payments did not come from their own pockets," because defendants properly paid overtime when employees worked off-site and their time was billed to customers. (Pl.'s Mem. at 9, 14.) Plaintiff has not pointed to any undisputed evidence showing that defendants were actually on notice that they were subject to the FLSA, and instead asks the court to draw an inference of willfulness from defendants' decades of business experience and billing practice for off-site work, showing they "should have known how to pay their employees properly." (Pl.'s Mem. at 9.) While such evidence could help a trier of fact find willfulness, the court cannot determine willfulness as a matter of law, while drawing all inferences in favor of defendants, based on this limited evidence. Willfulness requires the plaintiff to prove "more than that the defendant 'should have known' it was violating the law. 'Should have known' implies a negligence or 'reasonable person' standard," but reckless disregard "involves actual knowledge of a legal requirement, and deliberate disregard of the risk that one is in violation." *Hart v. Rick's Cabaret Int'l, Inc.*, at *29 (S.D.N.Y. Sept. 10, 2013) (quoting *Damassia v. Duane Reade,*

*Inc.*, No. 04 Civ. 8819, 2005 WL 1214337, at *3 n.2 (S.D.N.Y. May 20, 2005)).  Plaintiff did not identify any controlling or persuasive authority holding that willfulness can be established solely on the basis of an employer's length of time in business or number of years of experience.  The court identified only one case noting that an employer's "many years in the . . . industry" meant that "their ignorance [regarding the FLSA's obligations] amounts to reckless disregard of the applicable law and is sufficient to establish a willful violation."  *Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08 Civ. 3725, 2010 WL 4159391, at *6 (S.D.N.Y. Sept. 30, 2010).  Of significance, however, is that in *Cao*, the defendants defaulted and the court admitted all of the plaintiffs' allegations that defendants behaved willfully.  *Id.* at *2.  *Cao* is therefore distinguishable from the instant case.

In addition, although an employee's complaints to his employer regarding an overtime violation are sufficient to put the employer on notice about its obligations under the FLSA and thus establish willfulness, plaintiff admitted at his deposition that he did not specifically complain about overtime directly to defendants, but instead complained about his "straight time." (Eschmann Depo., J.A. at 66 ("I said I am getting straight time. I didn't say I'm not getting overtime.").)  Furthermore, defendants deny that plaintiff raised the issue of his overtime

wages directly with them or, to their knowledge, with any other employees acting in a supervisory position. Both Richard and Joseph Bernardo testified at their depositions that they were not aware of plaintiff making any complaints about his overtime wages and did not know that they were required to pay overtime rates for overtime hours performed on-site.[4] (R. Bernardo Depo., J.A. at 93, 286, 304-05; J. Bernardo Depo., J.A. at 195-96, 210.) Moreover, unlike the employer in *Donovan*, which was found to have acted willfully in part because it was already paying union employees proper wages under its understanding of the FLSA, defendants here contend that they paid union employees overtime wages not due to any knowledge of the legal requirements under the FLSA, but because the union agreement specified overtime rates. (J. Bernardo Depo., J.A. at 186-87.)

Accordingly, because there is insufficient uncontested evidence in the record to permit the court to find, as a matter of law, that defendants acted willfully, the court denies plaintiff's summary judgment motion on the issue of willfulness. Despite the denial of summary judgment as to this issue, however, plaintiff is nevertheless entitled to recover all unpaid overtime wages as a result of his claim brought pursuant

---

[4] Defendants changed their overtime policy some time in 2010 after another employee, Chase Norvillo, complained to the state Department of Labor about unpaid overtime wages and the Department of Labor initiated an investigation. (R. Bernardo Depo., J.A. at 300-02; J. Bernardo Depo., J.A. at 195-98.) The state investigation is still ongoing. (J. Bernardo Depo., J.A. at 196.)

to NYLL § 663. The NYLL has a six-year statute of limitations period, and it is clear that plaintiff's claims accrued within that six-year period. In addition, as noted before, defendants concede they failed to pay overtime wages during plaintiff's course of employment. Because plaintiffs may not recover under both the FLSA and the NYLL for the same injury, *Cao*, 2010 WL 4159391, at *2-3, courts allow plaintiffs to recover under the statute that provides for the greatest relief. *See, e.g.*, *id.* at *3; *Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195, 2012 WL 1669341, at *5 (S.D.N.Y. May 14, 2012). As some of plaintiff's claims may be time-barred under the FLSA, plaintiff's unpaid overtime wages will instead be calculated under the NYLL.[5]

## C. Liquidated Damages under the FLSA and the NYLL

Plaintiff next argues that he is entitled to recover liquidated damages for defendants' violations of the FLSA and NYLL overtime provisions, pursuant to 29 U.S.C. §§ 216(b) and NYLL § 198(1-a), and that he should be permitted to recover simultaneous, or cumulative, liquidated damages under both provisions. (Pl.'s Mem. at 14-18.) In response, defendants assert that they fall under the good faith exception to

---

[5]     Although the question of defendants' willfulness is not dispositive on whether plaintiff prevails on his unpaid overtime wages claims and can recover those compensatory damages, a finding of willfulness may affect the amount of liquidated damages plaintiff is entitled to recover pursuant to the FLSA and the NYLL, as discussed below.

liquidated damages found in both the FLSA and the NYLL, and that the court should not allow simultaneous or double recovery. (Defs.' Opp. at 1-3.) The court will address the issue of liquidated damages under each statute in turn.

### 1. Simultaneous Recovery is Permitted

Courts within this circuit disagree on whether simultaneous or cumulative recovery of liquidated damages under both statutory provisions is permitted. *Compare McLean*, 2012 WL 1358739, at *10 (because the liquidated damages provisions "serve fundamentally different purposes," cumulative recovery is allowed), *with Gortat v. Capala Bros.*, 949 F. Supp. 2d 374, 381 (E.D.N.Y. 2012) (denying simultaneous recovery because the "distinction between compensatory and punitive for characterizing liquidated damages under the FLSA and NYLL [is] semantic"). Under the FLSA, liquidated damages are not penal in nature, but serve a compensatory purpose. *Herman*, 172 F.3d at 142 (citing *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583-84 (1942)). Because liquidated damages under the FLSA serve as "compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA," *id.*, a plaintiff cannot recover both liquidated damages and prejudgment interest under the FLSA. *Superior Care*, 940 F.2d at 1064; *see also Santillan v. Henao*, 822 F. Supp. 2d 284, 288 (E.D.N.Y. 2011) ("Since liquidated damages awarded under the

FLSA for unpaid overtime [are] designed to compensate employees for delay in payment, such damages are the functional equivalent of prejudgment interest on the overtime pay."). In contrast, liquidated damages under the NYLL "constitute a penalty to deter an employer's willful withholding of wages due." *Reilly v. Natwest Mkts. Grp., Inc.*, 181 F.3d 253, 265 (2d Cir. 1999) (citation omitted). As such, prejudgment interest and liquidated damages "under the Labor Law are not functional equivalents" and both may be awarded for violations of the state wage laws. *Id.*

Despite the denial of some district courts within this circuit of simultaneous recovery of liquidated damages, the court notes that the majority view is that a plaintiff may recover liquidated damages under both statutes. *See, e.g.*, *Gurung v. Maholtra*, 851 F. Supp. 2d 583, 593 (S.D.N.Y. 2012) (collecting cases); *Callier v. Superior Bldg. Servs. Inc.*, No. 09-CV-4590, 2012 WL 5625906, at *4 (E.D.N.Y. Dec. 22, 2010); *Gunawan*, 897 F. Supp. 2d at 91. Accordingly, the court agrees with the majority of district courts that have considered the issue, and holds that a plaintiff is entitled to liquidated damages under both the FLSA and the NYLL.

### 1. Liquidated Damages under FLSA

Defendants contend that they fall under the good faith exception to mandatory liquidated damages pursuant to 29 U.S.C.

§ 260.  Section 216(b) of the FLSA states, in relevant part, that any employer who violates the overtime wage provisions of the FLSA "shall be liable to the employee" for the amount of unpaid overtime compensation "and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  If, however, the employer "shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216."  29 U.S.C. § 260.

In opposing a motion for summary judgment on the issue of liquidated damages, the employer bears the burden of establishing a disputed fact regarding the employer's good faith and reasonableness, "but the burden is a difficult one, with double damages being the norm and single damages the exception." *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999).  Evidence of the employer's good faith includes a showing that the employer took "active steps to ascertain the dictates of the FLSA, and then act[ed] to comply with them." *Id.; Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008); *Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987) ("The [good faith] defense requires plain and substantial

evidence of at least an honest intention to ascertain what the Act requires and to comply with it."). Significantly, an employer's ignorance of the law is insufficient to establish good faith for purposes of precluding liquidated damages under the FLSA. *Reich v. Southern New England Telecomms. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997); *Hellmers v. Town of Vestal*, 969 F. Supp. 837, 848 (N.D.N.Y. 1997). Similarly, following industry practice does not establish that the employer acted in good faith. *Id.* (citing *Wilamowsky*, 833 F.2d at 19.)

Here, defendants contend that they meet the good faith exception because they "did not understand" and were "not aware" that they were required to pay workers overtime. (Defs.' Opp. at 2; R. Bernardo Decl. at ¶¶ 5-6, 8.) During his deposition, defendant Joseph Bernardo stated that the company policy of not paying overtime wages for work performed on-site was a result of "naivete" and ignorance of the laws governing overtime pay requirements. (J. Bernardo Depo., J.A. at 185-86, 195.) Defendant Richard Bernardo explained that defendants failed to pay proper overtime wages for on-site work because it was the long-held practice of the defendant companies and the industry as a whole. (R. Bernardo Depo., J.A. at 286, 292, 298-99.) As a matter of law, defendants' contentions fail to meet the difficult burden of establishing good faith. There is no evidence that defendants took active steps to ascertain the

dictates of the FLSA and then acted to comply with them. Accordingly, plaintiff's motion for summary judgment as to liquidated damages under the FLSA is granted, and plaintiff is entitled to liquidated damages in the amount equal to the amount of unpaid overtime wages for all FLSA overtime violations that are not time-barred by the relevant statute of limitations period.[6]

### 2. Liquidated Damages under NYLL

Under the NYLL, plaintiff's recovery of liquidated damages must be determined under two different versions of the NYLL § 198(1-a), the liquidated damages provision. Effective November 24, 2009, NYLL § 198(1-a) was amended to provide for a liquidated damages award equal to 25% of the amount of unpaid wages "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." N.Y. Lab. Law § 198(1-a) (*McKinney's* 2009). Prior to November 24, 2009, a prevailing plaintiff was entitled to recover this amount of liquidated damages only if the plaintiff could prove that the employer's NYLL violations were "willful." N.Y. Lab. Law § 198(1-a) (*McKinney's* 1997).[7] Thus, for overtime violations

---

[6]     As discussed *supra*, the relevant statute of limitations is either two-years if defendants are found by a jury to have acted non-willfully, or three years if defendants are found to have acted willfully.

[7]     The NYLL liquidated damages provision was further amended in 2011 to provide 100% of liquidated damages, and now mirrors the FLSA liquidated damages provision. *See* N.Y. Lab. Law § 198. Courts have interpreted amendments to NYLL § 198(1-a) to not apply retroactively. *Zubair v. EnTech Eng'g P.C.*, 900 F. Supp. 2d 355, 360 n.3 (S.D.N.Y. 2012); *McLean v. Garage*

that occurred prior to November 24, 2009, plaintiff must show that defendants' violations were willful; for violations that occurred on or after November 24, 2009, plaintiff is automatically entitled to a liquidated damages award consisting of 25% of his unpaid overtime wages accruing after that date, unless defendants prove they acted in good faith.

Under the pre-amendment provision of the NYLL, the willfulness standard "does not appreciably differ from the FLSA's willfulness standard" relating to the applicable statute of limitations. *Kuebel*, 643 F.3d at 366 (citations omitted); *Padilla v. Malapaz*, 643 F. Supp. 2d 302, 313 n.18 (E.D.N.Y. 2009) ("The test for willfulness in the context of liquidated damages under the New York Labor Law parallels that employed in determining willfulness for limitation purposes under the FLSA." (internal quotation marks and citation omitted)). As discussed *supra*, there is a material dispute regarding whether defendants acted willfully in failing to pay plaintiff proper overtime wages. Thus, because the issue of willfulness is one for the trier of fact, the court denies plaintiff's motion for summary judgment as to plaintiff's entitlement to liquidated damages under the NYLL for overtime violations occurring before November 24, 2009.

---

*Mgmt. Corp.*, Nos. 10 Civ. 3950, 09 Civ. 9325, 2012 WL 1358739, at *8–9 (S.D.N.Y. Apr. 19, 2012); *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 143-44 (2d Cir. 2013).

As for the recovery of liquidated damages for overtime violations that occurred on or after November 24, 2009, defendants bear the burden of proving they acted in good faith. The court, as discussed previously, finds that defendants have failed to meet their burden of presenting evidence of their good faith. Therefore, plaintiff is, as a matter of law, entitled to recover liquidated damages for overtime violations under the NYLL that occurred on or after November 24, 2009.

To summarize, plaintiff's summary judgment motion is granted in part and denied in part. Plaintiff's motion regarding defendants' liability for violating the overtime provisions under the FLSA and NYLL is granted.[8] Plaintiff's motion regarding the issue of defendants' willfulness and the applicable statute of limitations period for his FLSA overtime violation claim is denied. Plaintiff's motion regarding liquidated damages is (1) granted, to the extent that plaintiff can recover simultaneous liquidated damages for overtime violations under the FLSA for the yet-to-be-determined statute of limitations period, as well as for overtime violations under

---

[8]     Plaintiff also seeks prejudgment interest and attorneys' fees and costs under the FLSA and NYLL. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663(1). Plaintiff may not recover prejudgment interest on his FLSA claims where he is entitled to liquidated damages. *Superior Care*, 940 F.2d at 1064. Plaintiff is entitled to recover prejudgment interest on his NYLL claims, regardless of whether he also receives liquidated damages. Because the extent of liquidated damages available under the FLSA cannot be determined at this stage due to the triable issue of defendants' willfulness and the relevant statute of limitations, the court defers ruling on the amount of prejudgment interest and attorneys' fees and costs owed to plaintiff.

the NYLL occurring on or after November 24, 2009 in the amount
of 25% of unpaid overtime wages; and (2) denied, to the extent
that plaintiff seeks liquidated damages for any overtime
violations under the NYLL that occurred prior to November 24,
2009.

## III. Defendants' Motion

Defendants' motion for partial summary judgment argues
that (1) plaintiff's claims of illegal retaliation and
retaliatory termination pursuant to the FLSA are not, as a
matter of law, protected activity under the FLSA; and (2)
plaintiff's claims of illegal retaliation and retaliatory
termination pursuant to the NYLL cannot succeed as a matter of
law because complaints regarding overtime provisions were not,
at the time plaintiff allegedly complained about his overtime
wages, covered by the NYLL anti-retaliation provision. For the
reasons below, the court **grants** defendants' motion in its
entirety and dismisses claims three through six of the
Complaint.

### A. Retaliation under the FLSA

Defendant first argues that plaintiff's retaliation
claims under the FLSA cannot succeed as a matter of law because
internal complaints to employers concerning overtime are not
protected conduct under 29 U.S.C. § 215. (ECF No. 22-5,
Defendants' Mem. of Law in Support of Mot. for Partial Summ. J.

dated 5/8/13 ("Defs.' Mem.") at 3.)  In response, plaintiff

argues that after *Kasten v. Saint-Gobain Performance Plastics*

*Corp.*, 131 S. Ct. 1325 (2011), internal complaints should be

protected by the FLSA anti-retaliation provision.  (ECF No. 26,

Plaintiff's Opposition dated 5/27/13 ("Pl.'s Opp.") at 4-7.)

Under the FLSA anti-retaliation provision, an employer

is prohibited from discriminating against or discharging "any

employee because such employee has filed any complaint . . .

under or related to this chapter."  29 U.S.C. § 215(a)(3).  To

establish a *prima facie* claim of retaliation under the FLSA and

the NYLL, a plaintiff must show: "(1) participation in protected

activity known to the defendant, like the filing of a FLSA

lawsuit; (2) an employment action disadvantaging the plaintiff;

and (3) a causal connection between the protected activity and

the adverse employment action."  *Mullins v. City of New York*,

626 F.3d 47, 53 (2d Cir. 2010); *Salazar v. Bowne Realty Assocs.,*

*L.L.C.*, 796 F. Supp. 2d 378, 384 (E.D.N.Y. 2011) (noting that

the standards for stating a retaliation claim under the FLSA and

the NYLL "significantly overlap" and require the same three

elements).  If plaintiff is able to make out a *prima facie* case

of retaliation, the burden shifts to the employer to articulate

a legitimate, nondiscriminatory reason for the termination.

*Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir.

2010).  If successful, the burden shifts back to the employee to

produce evidence showing that the employer's proffered reason is pretextual. *Id.* at 111.

At issue here is whether plaintiff's internal complaints to other employees and an employer qualify as "protected activity" under the FLSA anti-retaliation provision, § 215(a)(3). Prior to *Kasten*, the Second Circuit held that the FLSA anti-retaliation provision only protects the filing of formal, written complaints "but does not encompass complaints made to a supervisor." *Lambert v. Genesee Hosp.*, 10 F.3d 46, 55 (2d Cir. 1993). In 2011, in *Kasten*, the Supreme Court considered the narrow issue of whether the FLSA anti-retaliation provision covers oral complaints. The Supreme Court held that "oral as well as written complaints" about FLSA violations to the government are protected under the anti-retaliation provision's term "filed any complaint." *Kasten*, 131 S. Ct. at 1329. The court noted that while a complaint must be "sufficiently clear and detailed for a reasonable employer to understand it . . . as an assertion of rights protected by the statute and a call for their protection," such a requirement "does not necessarily mean that notice must be in writing." *Id.* at 1335. Of significance, the Supreme Court "state[d] no view" on the merits of the appellee's alternative argument that internal complaints to an employer do not fall within the ambit of protection under the FLSA because the appellee failed to

raise the issue in response to the appellant's petition for *certiori*. *Id.* at 1336.

Since *Kasten*, the Second Circuit has not revisited the issue of whether an internal complaint to an employer is protected by the FLSA anti-retaliation provision. Virtually every district court case in this circuit that has considered the issue, however, has concluded that *Kasten* only abrogated *Lambert* to a limited extent, and that the Second Circuit's holding that internal complaints to an employer are not protected by the FLSA remains controlling law in the circuit. *E.g.*, *Robledo v. Number 9 Parfume Leasehold*, No. 12 Civ. 3579, 2013 WL 1718917, at *5 (S.D.N.Y. Apr. 9, 2013) (collecting cases); *Greathouse v. JHS Sec., Inc.*, No. 11 Civ. 7845, 2012 WL 3871523, at *8 (S.D.N.Y. Sept. 7, 2012) (holding that while *Kasten* abrogated *Lambert*'s distinction between formal, written complaints and oral complaints, the rule that the FLSA anti-retaliation provision does not protect internal complaints "remains valid in this Circuit"); *Son v. Reina Bijoux, Inc.*, 923 F. Supp. 2d 238, 244 (S.D.N.Y. 2011) ("[T]he Second Circuit's rule holding that complaints to employers do not qualify as a protected activity controls"); *Ryder v. Platon*, No. 11-CV-4292, 2012 WL 2317772, at *7 (E.D.N.Y. June 19, 2012) (dismissing FLSA retaliation claim where employee only complained to employer in light of *Lambert* and *Kasten*); *Kassman v. KPMG LLP*, 925 F. Supp.

2d 453, 473 n.6 (S.D.N.Y. 2013) (holding that *Lambert*'s rule regarding internal complaints remains controlling precedent); *Liang v. Cafe Spice SB, Inc.*, 911 F. Supp. 2d 184, 201 (E.D.N.Y. 2012) (same).

Plaintiff only points to out-of-circuit case law and an inconclusive Department of Labor Fact Sheet[9] to support his argument that making internal complaints to an employer constitutes protected activity under the FLSA anti-retaliation provision. Plaintiff's arguments are not availing. Following the clear weight of authority in the circuit, the court holds that *Lambert* remains binding precedent on the issue of internal complaints. Because it is undisputed that plaintiff did not complain to any government agency nor anyone outside the defending companies regarding his overtime wages, plaintiff's retaliation claims brought pursuant to the FLSA cannot succeed as a matter of law. Accordingly, defendants' motion for partial summary judgment as to plaintiff's FLSA retaliation claims is granted.

## B.    Retaliation under the NYLL

In contrast to the FLSA, the NYLL protects employees who make internal complaints from retaliation by their employers. The NYLL anti-retaliation provision states that

---

[9]    Department of Labor Fact Sheet # 77A remarks only that "most courts have ruled that internal complaints to an employer are also protected." However, as discussed previously, the Second Circuit and district courts within this circuit have not so ruled.

"[n]o employer . . . shall retaliate against any employee . . .
because such employee has made a complaint to his employer . . .
that the employer has violated any provision of this chapter."
N.Y. Lab. Law § 215(1)(a) (*McKinney's* 2009). "This chapter"
refers to "any provision of the Labor Law." *Kelly v. Xerox
Corp.*, 681 N.Y.S.2d 322, 323 (N.Y. App. Div. 1998); *see also*
N.Y. Lab. Law § 1 ("This chapter shall be known as the 'Labor
Law.'"). Accordingly, to establish a claim of retaliation
under NYLL § 215(1)(a), a plaintiff "must show that she
complained [to her employer] about its *violations of the Labor
Law* and that she was terminated because of her complaints."
*Robledo*, 2013 WL 1718917, at *7 (citing *Jacques v. DiMarzio,
Inc.*, 200 F. Supp. 2d 151, 162 (E.D.N.Y. 2002)) (internal
quotation marks omitted) (emphasis added).

Prior to April 9, 2011, the effective date of the New
York Wage Theft Prevention Act ("WTPA") which amended the NYLL,
the NYLL itself did not contain any provisions governing
overtime compensation. Rather, the pre-amendment NYLL only
designated authority to the Commissioner of Labor and the Wage
Board to recommend regulations governing, *inter alia*, overtime
rates. *See* N.Y. Lab. Law §§ 654, 655(5)(b). Under this
authority, the Commissioner issued a Miscellaneous Wage Order
stating that "[a]n employer shall pay an employee for overtime

at a wage rate of 1 1/2 times the employee's regular rate."  12
N.Y. Comp. Codes R. & Regs. § 142-2.2 ("12 NYCRR § 142-2.2).

Thus, before the WTPA amendment, overtime rates were
not protected under the provisions of the NYLL itself and were
regulated only under a commissioner order.  The WTPA, effective
April 9, 2011, amended NYLL § 215(1)(a) to protect from
retaliation employees who complained that the employer engaged
in conduct that "violates any provision of this chapter, *or any
order issued by the commissioner.*"  N.Y. Lab. Law § 215(1)(a)
(*McKinney's* 2011).  Indeed, the NYLL itself was broadened to
include commissioner orders.  N.Y. Lab. Law § 2.15 ("All
references to labor law, chapter, article or section shall be
deemed to include *any rule, regulation, or order promulgated
thereunder* or related thereto." (emphasis added)).

Defendants argue that because the pre-amendment
version of the NYLL anti-retaliation provision did not by its
own terms protect an employee's complaints about overtime until
2011, a year *after* plaintiff was terminated, plaintiff's claims
alleging retaliation pursuant to the NYLL must fail as a matter
of law.  (Defs.' Mem. at 4-6.)  Plaintiff, in response, relies
on an unreported New York Supreme Court case and various federal
district court cases that did not discuss this issue to contend
that the court should interpret the pre-amendment version of the
anti-retaliation provision to protect complaints relating to

commissioner orders. (Pl.'s Opp. at 8-11.)  In the alternative,
plaintiff asks the court to find that the 2011 amendment is
retroactive.

The court holds that prior to 2011, the NYLL anti-
retaliation provision did not cover an employee's complaints
about overtime wages, because overtime wages were not protected
under the provisions of the NYLL itself.  In *Epifani v. Johnson*,
882 N.Y.S.2d 234 (N.Y. App. Div. 2009), the court concluded that
because "[t]he Labor Law does not contain any provisions
governing overtime compensation . . . so much of the sixth cause
of action as is premised upon complaints pertaining to [the
employer's] failure to pay [plaintiff] for overtime cannot
support a cause of action pursuant to Labor Law § 215."
*Epifani*, 882 N.Y.S.2d at 214 (internal quotation marks and
citations omitted).  Similarly, in *Deshpande v. TJH Medical
Services, P.C.*, 861 N.Y.S.2d 697 (N.Y. App. Div. 2008), the
plaintiff sought recovery under the NYLL based on the employer's
alleged failure to pay overtime wages.  The court, denying
plaintiff's claim, held that "the Labor Law does not contain any
provisions governing overtime compensation, and the plaintiff
failed to identify any basis for his alleged entitlement to an
overtime differential in pay." *Deshpande*, 861 N.Y.S.2d at 700.

Moreover, the later amendment of the NYLL in 2011 to
explicitly bring commissioner orders under the purview of the

NYLL persuades the court that the previous version of the NYLL did not encompass commissioner orders. Through the amendment, the state legislature demonstrated its intention and ability clearly to extend the NYLL and the protections of the anti-retaliation provision to include commissioner orders when it wanted to. This prompts the court to agree with defendants that the pre-amendment NYLL, by its very silence regarding commissioner orders, was limited to only the actual provisions of the NYLL. In addition, if the legislature had the intent to include commissioner orders with the actual provisions of the NYLL, it could easily have done so by making all or part of the amendment retroactive. Instead, the legislature chose to make the amendment effective 90 days from its November 2011 enactment.

Plaintiffs argue that because the WTPA was a remedial statute, it should automatically be applied retroactively. (Pl.'s Opp. at 10-11 (citing *Ji v. Belle World Beauty Inc.*, No. 603228/2008, 2010 N.Y. Misc. Lexis 3825, at *6 (N.Y. Sup. Ct. Aug. 12, 2010)).) The analysis, however, is not so simple. The "mere classification of a statute as 'remedial' does not automatically overcome the strong presumption that statutes should be applied prospectively, since the term may broadly encompass any attempt to supply some defect or abridge some superfluity in the former law." *CFCU Cmty. Credit Union v.*

*Hayward*, 552 F.3d 253, 262 (2d Cir. 2009) (internal quotation marks and citation omitted). Instead, courts must examine the plain language, and next, the legislative history to see if there is a "clear expression of legislative intent to apply a statute retroactively." *Id.* (internal quotation marks and citation omitted). Here, the statutory text, legislative history, and weight of authority support the conclusion that the WTPA does not apply retroactively, and plaintiffs have failed to offer any legislative history to convince the court to hold otherwise. *Chenensky v. N.Y. Life Ins. Co.*, Nos. 07 Civ. 11504, 09 Civ. 3210, 2012 WL 234374, at *3 (S.D.N.Y. Jan. 10, 2012) ("As plaintiffs concede, there is no legislative history evincing an intent to apply the 2011 Amendment retroactively."); *Quintanilla v. Suffolk Paving Corp.*, No. 09-CV-5331, 2012 WL 4086805, at *4 (E.D.N.Y. Sept. 17, 2012) (holding same and collecting cases).

Finally, although plaintiff cites to two district court cases pre-dating the 2011 amendment, in which plaintiffs were able to bring retaliation claims pursuant to the NYLL for complaining about overtime wages (*see* Pl.'s Opp. at 8), the court notes that neither of those cases explicitly considered the issue that defendants raise here regarding the scope of the NYLL prior to 2011, because the parties in those cases did not raise it. Accordingly, the court does not find plaintiff's

cited district court cases to be persuasive. The court holds that overtime complaints were not protected under the provisions of the NYLL prior to 2011; that consequently, plaintiff cannot prevail on his retaliation claims pursuant to the NYLL based on his internal complaints regarding unpaid overtime wages; and that the WTPA was not retroactive.

Therefore, defendants' motion for partial summary judgment as to plaintiff's retaliation claims, Counts Three through Six, under the FLSA and the NYLL is granted in its entirety.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for partial summary judgment is (1) granted as to the issue of defendants' liability for failing to pay overtime wages in violation of the FLSA and the NYLL; (2) denied as to the issue of defendants' willfulness; (3) granted as to the availability of simultaneous liquidated damages under both the NYLL and the FLSA; and (4) denied as to the availability of liquidated damages for any overtime violations under the NYLL that occurred prior to November 24, 2009. Defendants' motion for partial summary judgment is granted in its entirety, and accordingly, plaintiff's claims of illegal retaliation and retaliatory termination pursuant to the FLSA and the NYLL, Counts Three through Six, are dismissed with prejudice.

Defendants are liable for unpaid overtime compensation under the NYLL; liquidated damages under the FLSA for overtime violations occurring in the relevant statute of limitations period, pending a determination of defendants' willfulness; liquidated damages under the NYLL in an amount equal to 25% of the total award of unpaid overtime compensation for those violations occurring on or after November 24, 2009; prejudgment interest on plaintiff's overtime violation claims under the NYLL; and reasonable attorney's fees and costs.

The parties shall submit a joint status report within thirty (30) days of the date of this Memorandum and Order advising the court how they wish to proceed.

SO ORDERED.

Dated:     Brooklyn, New York
           March 24, 2014

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York